UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER KALAOUZ AND ASSOCIATES, et al., | : : : | No. 1:11-cv-00652-HJW |
| Plaintiffs, | : : | Judge Herman J. Weber |
| v. | : : | |
| JACK ROUSE ASSOCIATES, INC., | : : | MOTION OF DEFENDANT JACK ROUSE ASSOCIATES, INC. TO DISMISS |
| Defendant. | : : : : : : | PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT |

Defendant Jack Rouse Associates, Inc. ("JRA"), by and through undersigned counsel, for the reasons stated in JRA's accompanying Memorandum of Law, hereby moves this Court to dismiss Plaintiffs' Roger Kalaouz and Associates and RK&A, Inc. (collectively, "RKA") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, Defendant moves this Court to require Plaintiffs to provide a more definite statement

Respectfully submitted,

*/s/ James R. Cummins*
James R. Cummins (0000861)
JCummins@wsbclaw.com
Renée A. Infante (0052142)
ReneeInfante@wsbclaw.com
**WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.**
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 381-2375
*Counsel for Defendant Jack Rouse
Associates, Inc.*

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ROGER KALAOUZ AND ASSOCIATES, et al.,** | : : : | No. 1:11-cv-00652-HJW |
| Plaintiffs, | : : | Judge Herman J. Weber |
| v. | : : | |
| **JACK ROUSE ASSOCIATES, INC.,** | : : | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| Defendant. | : : : : : | **PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |

Defendant Defendant Jack Rouse Associates, Inc. ("JRA"), by and through undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Roger Kalaouz and Associates and RK&A, Inc. (collectively, "RKA") Complaint or, in the Alternative, for a More Definite Statement.

**I.    INTRODUCTION**

Plaintiff alleges that in 1997 and 2002, Plaintiffs RKA entered into contracts (the "Agreements") with Defendant JRA whereby Plaintiffs would represent Defendant in the procurement of contracts for the design and development of theme parks in the country of Lebanon. Plaintiff further alleges if and when Defendant was awarded such a project, Plaintiffs were to be compensated as per the Agreements then in existence between the parties. Plaintiff further alleges both the 1997 and 2002 contracts ran for terms of five years.

In their Complaint, Plaintiffs have alleged that Defendant is liable for: (1) breaches of one or more contracts, including, potentially, an alleged agreement between the parties dated October 5, 2006 (Count I);

2

(2) promissory estoppel relating to those same contracts (Count II) and (3) fraudulent misrepresentations made during negotiation of a settlement agreement executed by the parties in 2007 (Count III).  The Complaint should be dismissed because: (1) beyond the conclusory allegation of a contractual breach, Plaintiffs have failed to allege any specifics of how or when Defendant allegedly breached the expired contracts, and have admitted they never entered into the 2006 agreement due to "unsatisfactory compensation terms."  Compl. ¶ 12; (2) Plaintiffs have failed to allege any details, for promissory estoppel purposes, of any promises made by Defendant on which Plaintiffs reasonably and foreseeably relied to their detriment; and (3) Plaintiffs have failed to allege, with any specificity much less the requisite specificity provided under Rule 9(b), the allegedly fraudulent misrepresentations that were relied upon and that caused any injury to Plaintiffs.  Plaintiffs fail to present plausible claims for relief; what they present is rank speculation.

For these reasons, Defendant JRA seeks dismissal of the entire action pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted for breach of contract, promissory estoppel, and fraudulent inducement.  Additionally, Plaintiffs have failed to allege any alleged fraudulent inducement on Defendant's part with the requisite specificity in violation of Federal Rule of Procedure 9 (b).  Therefore, Defendant moves that RKA's claims be dismissed for failure to state a claim and failure to plead fraud with particularity.  In the alternative, if the Court does not dismiss Plaintiffs' claims for failure to state a claim, which Defendant respectfully believes it should, Defendant moves this Court to require a more definite statement.

## II.    FACTUAL BACKGROUND

On September 21, 2010, Plaintiffs filed this action in the United States District Court in the District of Columbia.  (Doc. 1)  On October 25, 2010, Defendant filed a Motion to Dismiss Plaintiffs' Complaint

3

pursuant to Fed. R. Civ. P. 12 (b)(2) and 12 (b)(3) or, in the Alternative, to Transfer Venue to this Court pursuant to 28 U.S.C. §1404(a), arguing that the District of Columbia District Court lacked personal jurisdiction over Defendant and venue in the District was improper. (Doc. 2). Defendant argued that, in the alternative, this case should be transferred to the Southern District of Ohio as a venue more convenient to the parties and witnesses and in the interests of justice. On August 30, 2011, the District Court for the District of Columbia granted Defendant's Motion to Transfer this case to this Court, finding that venue was not proper under 1391(a) and that transfer was appropriate under 28 U.S.C. §1404(a). (Doc. 6).

As required by Rule 12(b), Defendant filed his motion to change venue before filing any responsive pleading. *See* Fed.R.Civ.P. 12(b) (requiring that a motion asserting improper venue "be made before pleading if a responsive pleading is allowed"). Now that Plaintiffs' Complaint is in the proper venue, Defendant brings this motion to dismiss or, in the alternative, for a more definite statement.

### III. ARGUMENT

#### A. The Pleading Standard

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its fact.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

4

Factual allegations inferring only a *possibility* of misconduct will not suffice. Iqbal 129 S. Ct. at 1950. If a complaint pleads facts "merely consistent" with a defendant's liability, it "stops short of the line between *possibility* and *plausibility*," and its claims are subject to dismissal pursuant to Rule 12(b)(6). Id. (emphasis added). The rule "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. A plaintiff must state enough *facts* to "nudg[e] [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If, and only if, a complaint contains well-pled fact allegations, can a court then "[a]ssume their veracity and determine whether they plausibly give rise to an entitlement to relief." Iqbal 129 S. Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

As shown below, the Complaint filed in this action utterly fails to state a plausible claim for relief under these applicable standards.

### B. Plaintiffs Present Only Speculation That Any Contract Has Been Breached and thus Fail to State a Claim for Which Relief Can Be Granted

Plaintiffs assert a claim for breach of contract. (Compl. ¶¶21-25) Plaintiffs allege that the 1997 and 2002 contracts "were extended outside the geographic scope identified therein"—Lebanon—and furthermore that Defendant "held out to the public" that Plaintiffs represented Defendant in efforts to procure contracts "outside the geographic scope set forth" in the 1997 and 2002 Agreements. (Compl. ¶¶22, 23) Plaintiffs allege that Defendant "subsequently"—after the term of the aforementioned contracts had expired—"entered into contracts to develop amusement partks throughout the Gulf States Region as a result of RKA's contacts and development efforts" and subsequently denied them the 6% compensation rate set forth in the 1997 and 2002 Agreements. (Compl. ¶¶ 24, 25).

Under Ohio law, which governs this action, the essential elements of a cause of action for breach of contract are: the existence of a contract; performance by the plaintiff; breach by the defendant; and resulting damage to the plaintiff. Powell v. Grant Med. Ctr., 148 Ohio App.3d 1, 10, 2002-Ohio-443, 771 N.E.2d 874, quoting Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 483, 738 N.E.2d 1271. See, also, Nious v. Griffin Construction, Inc., Franklin App. No. 03AP-980, 2004-Ohio-4103.  Moreover, a plaintiff's damage "must arise as a result of the breach and must 'naturally and necessarily flow' from the breach of contract." Nichols v. Chicago Title Ins. Co., 107 Ohio App.3d 684, 691, 669 N.E.2d 323 (1995) (citations omitted). Where the alleged damages "result[ ] from circumstances which were not the responsibility" of the purportedly breaching party, the breach of contract claim cannot survive. Id.

Plaintiffs allege no facts as to what contract was breached or what the Plaintiffs did to fulfill the terms of a contract or what Defendant did to breach the contract or what were the resulting damages to Plaintiffs.  Plaintiffs fail to allege facts that place their claims across the line from conceivable to plausible, as required by the Twombly/Iqbal pleading standard.  Rather, Plaintiffs Complaint is replete with conclusory allegations that "Agreements for services" between the parties "were extended outside the geographic scope identified therein" (Compl. ¶ 21), that Defendant "held out to the public that RKA represented JRA in efforts to procure contracts outside of the geographic scope set forth in the Agreements" (Compl. ¶23), and that,"[u]pon information and belief" Defendant entered into contracts to develop amusement parks throughout the Gulf States Region as a result of Plaintiff's contacts and efforts (Compl. ¶24).  Plaintiffs must do more than speculate that a wrong has been committed and demand relief.  Because it is clear on the face of the Complaint that Plaintiffs cannot demonstrate that

6

they satisfy the elements of a breach of contract claim, Plaintiffs' breach of contract claims fail and should be dismissed.

### C. Plaintiffs Promissory Estoppel Claim Consists Entirely of Conclusory Allegations and Unsupported Inferences Which Fail to State a Claim for Which Relief Can Be Granted

Plaintiffs assert that the Defendants are liable for Plaintiffs' compensation losses under a theory of promissory estoppel. (Compl. ¶¶26-32). To state a claim for promissory estoppel, the plaintiff must allege: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) reasonableness and foreseeability of that reliance; and (4) injury by the party claiming estoppel. Rigby v. Fallsway Equip. Co., Inc., 150 Ohio App.3d 155, 779 N.E.2d 1056, 1061 (2002) (citing Healey v. Republic Powdered Metals, Inc., 85 Ohio App. 3d 281, 619 N.E. 2d 1035 (1992)). In Ohio, promissory estoppel tracks Section 90 of the Restatement of Contracts 2d. That section explains: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee ... and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Cincinnati Fluid Power, Inc. v. Rexnord, Inc., 797 F.2d 1386, 1391 (6th Cir.1986) (quoting Restatement and McCroskey v. State, 8 Ohio St.3d 29, 456 N.E.2d 1204 (1983)); Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 483 N.E.2d 150. The promise may arise from a variety of sources, *e.g.*, an employment manual, another writing, or some oral assurance made by the employer or an agent of the employer.

As is clear from the Complaint, the scant factual allegations therein do not support a claim for promissory estoppel. Plaintiff has failed to show the source of the alleged promise, and in fact has referred to but failed to attach "email evidence wherein JRA stated to RKA that they were focusing their development effort on China instead of Dubai, U.A.E." (Compl. ¶29). Nor have Plaintiffs alleged facts describing the promise made; the action or forbearance on their part;

7

and the specific injustice that has occurred. Plaintiffs' claims for promissory estoppel should be dismissed.

### D. Plaintiffs Claim of Fraudulent Inducement Consists Entirely of Conclusory Allegations and Unsupported Inferences

Plaintiffs' fraudulent inducement claim is based on the allegations that Defendant actively concealed projects covered by the 2007 Settlement Agreement and Defendant's remuneration for such projects, thus misrepresenting to Plaintiffs the "value otherwise due" to them. (Compl. ¶33)

Under Ohio law, an action for fraudulent inducement consists of the following elements:

(a) a misrepresentation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying on it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Burr v. Board of County Comm. of Stark County, 23 Ohio St.3d 69, 491 N.E.2d 1101, syl. ¶ 2 (Ohio 1986). Moreover, Federal Rule of Civil Procedure 9(b) requires that claims of fraud be pled with particularity. The complaint, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir.1993). The main purpose of Rule 9(b)'s heightened pleading requirements is to provide defendants with "notice of the specific conduct with which they were charged," so that the defendants can prepare responsive pleadings. United States ex rel. Bledsoe v. Comty. Health Sys., 501 F.3d 493, 510 (6th Cir.2007). Rule 9(b) requires particularity because "the nature of the evidence in cases involving allegations of fraud is often circumstantial, [and] claims of fraud can be

8

fabricated easily." Bennett v. MIS Corp., 607 F .3d 1076, 1101 (6th Cir.2010) (citing Disner v. Westinghouse Elec. Corp., 726 F.2d 1106, 1110 (6th Cir.1984)). Lastly, although a plaintiff must "allege the time, place, and content of the alleged misrepresentation ... the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud [,]" the Sixth Circuit has "also made clear ... [that] this requirement should be understood in terms of Rule 9(b)'s broad purpose of ensuring that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense." U.S. ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir.2008).

Plaintiffs fail to factually specify what Defendant did to fraudulently induce Plaintiffs to enter into the 2007 Settlement Agreement. The Complaint is also void of any factual allegations concerning the time, place, or content of the alleged inducement, and does not identify the reason for the alleged fraudulent inducement. (Compl ¶¶ 33, 34). Plaintiffs have failed to specify any specific facts or actions engaged in by Defendant which (1) allegedly fraudulently induced Plaintiffs to enter into the Settlement Agreement with Defendant; (2) the time and place where the inducements took place; (3) Defendant's alleged reason for fraudulent inducement; and (4) the specific terms of the alleged fraudulently induced Settlement Agreement. Nor do Plaintiffs specify what alleged fraudulent misrepresentations they specifically relied upon, why the alleged representations made by Defendant were allegedly fraudulent, or how Plaintiffs relied on the alleged misrepresentations to their detriment. Without identifying the circumstances constituting fraud, Defendant cannot prepare an adequate answer to the allegations in the Complaint. Plaintiffs' mere conclusory allegations of fraud are insufficient.

## IV.  ALTERNATIVELY, DEFENDANT MOVES THE COURT FOR AN ORDER FOR A MORE DEFINITE STATEMENT

As set forth below, Plaintiffs in this case bring this action for three separate claims against Defendant. However, the Complaint does not provide a clear and concise factual statement sufficient to inform Defendant with reasonable definiteness about the type of specific acts and practices which allegedly result in the claims made against it. As such, Defendant does not know with any degree of sufficiency the specific charges leveled against it. For example, Defendant cannot ascertain the intended meaning and usage of certain terms, such as: "exclusive right," "procurement," "extended outside the geographic scope," "discussions," "held out to the public," or "purposely mislead" and the Complaint fails to assert which (if any) specific acts or practices have "denied" Plaintiffs compensation. Further, the term "intended to induce" is not defined with regard to how it is to be applied in connection with Plaintiff's claims. The failure to provide adequate notice with respect to the substance of the allegations in the Complaint renders Defendant incapable of framing an appropriate and full answer to the Complaint absent a more definite statement, as well as pleading adequate defenses. Therefore, Defendant respectfully requests that its Motion be granted.

A Motion for a More Definite Statement may be filed when "a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). In the present case, while Plaintiffs have written a vague theory against Defendant, they have not provided enough detail or factual allegations to either allow Defendant to respond to the conclusory allegations or to raise appropriate and pertinent affirmative defenses. The most conspicuous omission of detail is the inability on the part of the Plaintiffs to identify what, if any, contracts Defendant "subsequently entered into" such that Defendant deprived Plaintiffs of compensation due under long-expired contracts. Without providing even

one single name of an amusement park Defendant contracted to develop that Plaintiffs allege is covered by a contractual arrangement, Defendant is hard-pressed to frame an appropriate response.  Simply put, Plaintiffs have alleged breach of contract, promissory estoppel related to contracts, and fraudulent inducement related to alleged "value due" for alleged contracts, yet have not identified any contracts.

Therefore, Defendant respectfully alternately requests this Court to grant his Motion pursuant to Fed. R. Civ. P. 12(e) for a more definite statement in the alternative to granting Defendant's Motion to Dismiss.  Specifically, Defendant requests that the Court order Plaintiffs to provide specific information regarding the following:

1. To clarify the meaning of "extended outside the geographic scope" to which Plaintiffs refer in the Complaint in regard to their allegations of alteration of the 1997 and 2002 Agreements;

2. To identify the specific "discussions" that Plaintiffs and Defendant were alleged to have had extending the geographic scope of the 1997 and 2002 Agreements;

3. To clarify the meaning of "held out to the public" as that phrase is used in the Complaint, and to identify particular examples and instances;

4. To clarify with whom Defendant is alleged to have entered into contracts to develop amusement parks throughout the Gulf States Region as a result of Plaintiffs' contacts and development efforts, and to further specify the contacts and development efforts referred to by Plaintiffs in the Complaint;

5. To specify those alleged contracts for which Plaintiffs are allegedly due compensation;

6. To identify how Defendant has alleged purposefully misled Plaintiffs about Defendant's involvement in the Gulf States Region;

7. To identify the specific reliance on Defendant's alleged statements that it was focusing its development effort on China instead of Dubai, U.A.E. as that reliance is referred to in the Complaint;

8. To specify the amount of compensation Defendant allegedly received "for its services rendered in connection with the projects covered by the Settlement Agreement" and the amount alleged fraudulently represented to Plaintiffs that it received;

9. To specify the alleged fraudulent representations made by Defendant to Plaintiffs relating to the compensation in the No. 8 above; and

10. To identify "the value otherwise due" as that term is used in the Complaint.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant this Motion to Dismiss and dismiss Plaintiffs' claims. In the alternative, Defendant respectfully requests the Court to require Plaintiffs to provide a more definite statement to better define and/or clarify the facts upon which Plaintiffs rely.

Respectfully submitted,

*/s/ James R. Cummins*
James R. Cummins (0000861)
Renée A. Infante (0052142)
**WAITE, SCHNEIDER, BAYLESS**
**& CHESLEY CO., L.P.A.**
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 621-0267

Facsimile: (513) 381-2375
Email:  reneeinfante@wsbclaw.com
*Counsel for Defendant Jack Rouse Associates, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 12, 2011 I electronically filed the foregoing Motion of Defendant Jack Rouse Associates, Inc. to Dismiss Plaintiffs' Complaint or, in the Alternative, Motion for a More Definite Statement with the Clerk of Courts using the CM/ECF system which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF.  Additionally service was accomplished on all counsel of record via regular U.S. mail, as follows:

Gregory L. Lattimer
1200 G. Street, N.W., Suite 800
Washington, D.C. 20005
(202) 638-0095
*Counsel for Plaintiffs*

Daniel P. Gibson, Esq.
Christopher P. Cifra, Esq.
Mark C. Preiss, Esq.
GIBSON & BEHMAN, P.C.
One Mountain Road
Burlington, MA 01803

Kendall A. Minter, Esq.
MINTER & ASSOCIATES, LLC
5398 E. Mountain Street
Stone Mountain, GA 30083
*Of Counsel for Plaintiffs*

/s/ James R. Cummins
Counsel for Defendant